UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07367 GAF (MANx)<br>CV 09-02943 GAF (MANx)✓ | Date | June 11, 2009 |
|---|---|---|---|
| Title | Webb et al. v. Carter's, Inc. et al.<br>Muir et al. v. Carter's, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

## ORDER RE: PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS & APPOINT INTERIM CLASS COUNSEL

**I. INTRODUCTION**

Plaintiffs Lindsey Webb, Anastasia Booth, Kina Abrams, and Jayme Sanchez (collectively, "Plaintiffs") initiated this putative nationwide class action against defendants Carter's, Inc. ("Carter's") and Avery Dennison, Inc. ("Avery") (collectively, "Defendants"), alleging that Carter's manufactured infant apparel that utilized heat-transferred, or "tagless," labels manufactured by Avery that caused Plaintiffs' children to suffer skin irritations. Plaintiffs now move to consolidate the present action with a related putative class action, Muir et al. v. Carter's, Inc. et al., CV 09-02943 GAF (MANx), over which the Court is also presiding. In addition, Plaintiffs move to appoint Plaintiffs' counsel as interim class counsel. For the reasons set forth below, the motion to consolidate is **GRANTED**, but the motion to appoint interim class counsel is **DENIED**.[1]

---

[1] Defendants have filed motions to dismiss the second amended class action complaint, which the Court is presently reviewing. (See Docket Nos. 65, 67.) The Court will provide a summary of the factual background of this case and render its ruling on the motions to dismiss in a forthcoming order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07367 GAF (MANx)<br>CV 09-02943 GAF (MANx)√ | Date | June 11, 2009 |
|---|---|---|---|
| Title | Webb et al. v. Carter's, Inc. et al.<br>Muir et al. v. Carter's, Inc. et al. | | |

## II. DISCUSSION

### A. *Motion to Consolidate*

Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate actions that involve common questions of law or fact.  Fed. R. Civ. P. 42(a)(2).  "[C]onsolidation is within the broad discretion of the district court."  In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).  Here, Plaintiffs seek to consolidate the present action with Muir et al. v. Carter's, Inc. et al., CV 09-02943 GAF (MANx), a putative class action brought by Amy Muir and Nancy Muir against Carter's and Avery based on injuries sustained by the Muirs' child/grandchild as a result of wearing Carter's apparel which utilized tagless labels.  (See Muir, CV 09-02943, Compl. (Docket No. 1) ¶¶ 3, 34–36.)  Plaintiffs' motion is unopposed, and Plaintiffs' counsel attests that Defendants support consolidation.  (Emerson Decl. ¶ 5.)

After reviewing the class action complaint filed in Muir, the Court concludes that consolidation is appropriate because both actions arise from a common set of transactions and occurrences, and because there is substantial overlap among the claims at issue in the actions.[2]  Because consolidation under present circumstances will significantly promote the efficient resolution of the present controversy, the motion to consolidate is **GRANTED**.  From this point forward, CV 08-07367 GAF (MANx) will be the operative case number for the parties' dispute; the parties should no longer file any documents in CV 09-02943 GAF (MANx).

---

[2]The Muirs assert the following claims: (1) unlawful, unfair, and fraudulent business practices in violation of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) negligent misrepresentation; and (3) breach of the implied warranty of merchantability.  Although the Muirs also allege claims of "unjust enrichment" and declaratory relief, the Court treats those counts as requests for relief because restitution and declaratory relief are remedies, not separate causes of action.  See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (declaratory relief); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 568 F. Supp. 2d 376, 378 n.11, 381 (S.D.N.Y. 2008) (declaratory relief); McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121 (Ct. App. 2004) (unjust enrichment).  In total, the Muirs seek restitution and disgorgement of profits, declaratory relief, injunctive relief, compensatory damages, pre- and post-judgment interest, and reasonable attorneys' fees and litigation costs.

JS - 6

LINK: 71

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07367 GAF (MANx)<br>CV 09-02943 GAF (MANx)√ | Date | June 11, 2009 |
|---|---|---|---|
| Title | Webb et al. v. Carter's, Inc. et al.<br>Muir et al. v. Carter's, Inc. et al. | | |

### B. *Motion to Appoint Interim Class Counsel*

Under Rule 23(g) of the Federal Rules of Civil Procedure, a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[W]here a number of overlapping, duplicative or competing suits are present, . . . 'designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" Four in One Co. v. SK Foods, L.P., Nos. 08-cv-03017 et al., 2009 WL 747160, at *1 (E.D. Cal. Mar. 20, 2009) (quoting Federal Judicial Center, Manual for Complex Litigation § 21.11, at 246 (4th ed. 2004)).

Plaintiffs seek to appoint the law firms of Whatley Drake & Kallas, LLC and Emerson Poynter LLP as interim class counsel. However, even though Plaintiffs' counsel states in his declaration that he has communicated with William Doyle, plaintiffs' counsel in the Muir case, and that Doyle "supports this Motion" (Emerson Decl. ¶ 5), it is not clear whether Doyle's support is limited to the motion to consolidate or also extends to the motion to appoint interim class counsel. Likewise, Plaintiffs have failed to offer any proof that they provided Doyle with actual notice of their motion, and accordingly, a chance to respond. Finally, Plaintiffs make no attempt to explain why the appointment of interim class counsel will be beneficial to the putative class members under present circumstances. The motion is therefore **DENIED** without prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to consolidate is **GRANTED**, but the motion to appoint interim class counsel is **DENIED**.

**IT IS SO ORDERED.**